NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0029n.06

CASE NO. 15-5178

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 15, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MISTY ANGEL, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before: MERRITT, BATCHELDER, and DONALD, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Misty Angel appeals a below-guideline criminal sentence, claiming that it is substantively unreasonable. We AFFIRM.

On October 16, 2013, the police arrived at Angel's residence (a single-wide trailer home) inside of which Angel was manufacturing methamphetamine. Five minor children were also inside the trailer at the time and police took them to a hospital for decontamination. Angel admitted to smoking methamphetamine in the trailer and to cooking methamphetamine there on at least six prior occasions. Some of the children relayed that they had on prior occasions had to leave the residence because of strong chemical odors that hurt their eyes. Angel was using a "one-pot" method (i.e., mixing certain toxic, flammable, and explosive chemicals into a single container; here, a Coke bottle) and adding additional heat to facilitate the chemical reaction.

Angel entered a guilty plea to attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and proceeded to sentencing. Angel's presentence report revealed three prior methamphetamine-related convictions, including two felonies for exactly the

same conduct: manufacturing methamphetamine in her home in the presence of children. In fact, she was on probation for her second felony at the time she committed the present offense.

Those prior convictions qualified Angel as a career offender, with a resulting total offense level of 29 and criminal history category of VI. This produced an advisory guideline range of 151 to 188 months in prison. Angel moved the district court for a below-guidelines sentence due to her personal history—specifically, that she had been sexually abused as a child, had been physically and emotionally abused in her adult relationships (and had five children from five different men), is chemically dependent, and has documented mental health issues.

At sentencing, the district court thoroughly considered Angel's arguments and each of the 18 U.S.C. § 3553(a) factors and imposed a sentence of 138 months in prison. This sentence is 13 months below the bottom of the advisory guideline range. The court expressed its particular concern that Angel had endangered children (her own and her neighbors') by cooking methamphetamine in the trailer home while the children were also present, and had done so repeatedly, this being her third conviction for that same inherently dangerous act. But the court also held that 138 months was sufficient.

On appeal, Angel argues only that the sentence was substantively unreasonable because the district court did not give sufficient weight to her mitigating personal history, a claim we review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Merely claiming "[t]hat the court did not weigh the factors . . . in the manner that [s]he would have liked to have had them weighed does not indicate that the court acted improperly or disregarded [her] arguments." *United States v. Hogan*, 458 F. App'x 498, 504 (6th Cir. 2012). We find no abuse of discretion here.

Accordingly, we AFFIRM.